## 27195. POWERS v. POWERS.

HAWES, Justice. This is a divorce case. The jury awarded to the plaintiff wife a divorce, title to one of the automobiles owned by the defendant, $5,000 alimony and the household furnishings "now in her possession." Judgment was entered in accordance with the verdict, and thereafter the defendant moved for a new trial on the general grounds and on the ground that the award of alimony was so excessive as to indicate bias and prejudice on the part of the jury. The plaintiff also moved for a new trial complaining only of the action of the court in directing a verdict for the defendant on that portion of her amended complaint wherein she sought to have set aside a conveyance of certain real property by the defendant to his par-

ents. The trial court denied the defendant's motion for a new trial and granted the plaintiff's motion solely on the issue raised thereby. The defendant appealed from the denial of his motion for a new trial and from the grant of a trial on the issue respecting the title to the property. *Held:*

1. The motion to dismiss the appeal is without merit and is denied.

2. The ground upon which the plaintiff sought a divorce was cruelty. Appellant contends that the evidence did not authorize the grant of a divorce on that ground. "Cruel treatment, or cruelty, in the broad and unrestricted sense in which it is used in our statute, is any act intended to torment, vex, or afflict, or which actually afflicts or torments without necessity, or any act of inhumanity, wrong, oppression or injustice; . . ." *Myrick v. Myrick,* 67 Ga. 771, 778. The evidence showed that the plaintiff had previously been married. Her two children by her previous marriage, who were then 9 and 11 years of age, lived in the home with the plaintiff and the defendant. The plaintiff testified under oath as to physical abuse inflicted upon the younger of the two children, a boy, by the defendant, and physical abuse inflicted upon her by the defendant. She also testified as to his frequent intoxication, excessive drinking coupled with fits of violent temper. This evidence, though disputed by the defendant, amply supported the verdict granting her a divorce, and the trial court did not err in overruling the defendant's motion for a new trial on the general grounds.

3. The trial court did not unduly restrict counsel for the defendant in the cross examination of the plaintiff. The manner in which the plaintiff's former husband had died was not relevant to the issues in this case. There was no issue as to custody of the children, nor was there any issue as to the ownership of the furniture which the plaintiff sought to have awarded to her, since the defendant admitted the same to be the plaintiff's. Therefore, it was not error for the trial court to restrict the cross

examination of the plaintiff as to these matters, under the circumstances as shown by the transcript of the trial in this case.

4. Plaintiff did not seek periodic alimony payments but sought the recovery of sums which she contended that she contributed toward the acquisition of family real property during the course of the two-year marriage of the parties, title to which had been taken in the defendant. Her evidence authorized the jury to find that during that period she contributed as much as $15,000 to a joint checking account maintained by her husband and herself and that those funds were applied to general family expenses including payments on two houses which the defendant owned. The jury was also authorized to find that the defendant was capable of producing gross earnings from his trade in excess of $12,000 per year. The award of $5,000 in a lump sum as permanent alimony was not excessive.

5. The evidence was clearly sufficient to authorize the jury to find that the defendant husband had a fraudulent intent in conveying the house in question to his parents. Though her testimony in this regard was disputed, the wife testified that defendant's parents who, by amendment, were made parties to this proceeding for the purpose of setting aside that conveyance, knew at the time they received the deed that a divorce proceeding was imminent. The deed was made after the separation of the parties, and apparently the only consideration therefor was some old debts owed to the grantees by the defendant. Under this evidence, a verdict against the plaintiff on the issue of setting aside the conveyance was certainly not demanded and the trial court did not commit reversible error in granting a new trial as to that issue.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 9, 1972—DECIDED SEPTEMBER 12, 1972.

*Craig & Vandeford, Darryl R. Vandeford,* for appellant.
*Harrison & Garner, James W. Garner,* for appellee.